HABEAS CORPUS COMPLAINT FORM
FOR PRISONERS

1:23-cv-143-JMS-TAB

UNITED STATES DISTRICT COURT
Southern District of Indiana

Alan Kreilein

v.

STATE OF INDIANA
TRACY BERRY
LAURA KLOIMWEIDER
ROBERT E. CARTER
GWENDOLYN HORTH
CHARLES MILLER
THOR MILLER
VIRGIL MADDEN

FREDRICK MEDLEY
ANTHONY KING
KNOX COUNTY PAROLE OFFICER
DAVID SLOAN
Evansville Parole District 4th Supervisor
Ms. Smith
Ms Cecil

IN THEIR INDIVIDUAL and OFFICIAL Capacities

FILED
01/23/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

A. Parties

1. Alan Kreilein is a citizen of Indiana incarcerated at New Castle Correctional Facility, 1000 Van Nuys Rd, P.O. Box A, New Castle, IN 47362

2. State of Indiana includes employees elected or appointed and charged to uphold the Constitution and laws of the Indiana Constitution and state and the laws and Constitution of the United States, and Rules, who are knowingly and intentionally violating laws/rules under color of law.

1

3. Tracy Berry and Laura Kloimeider are citizens of the State of Indiana, Residences Unknown, who worked/have worked for the Indiana Dept. of Corrections (IDOC) in Victim and Notification Services, IGCS - Room E334, E329, 302 W. Washington St. Indianapolis, IN 46204  317-232-1232 & 317-232-5711

4. Robert E. Carter is/was Commissioner IDOC, home address unknown, a citizen of Indiana, IGCS - Room E334, 302 W. Washington St. Indianapolis, IN 46204  317-232-5711

5. Mr. Cecil is a citizen of Indiana, And Ms. Smith, a citizen of Indiana, Home address unknown, work at IDOC-GEO New Castle Correctional Facility as Law Librarians, 1000 Van Nuys Rd. P.O. Box R New Castle, IN 47362

~~Laura Kloimeider, Registration Coordinator, Indiana Dept. of Correction, IGCS - Room 329, 302 W. Washington St. Indianapolis, IN 46204   317-232-1232   Home address unknown~~

~~Robert E. Carter, Commissioner, Indiana Dept. of Corrections. 302 W. Washington St. Room E334 IGCS, Indianapolis IN 46204   317-232-5711   Home address unknown~~

6. Gwendolyn Horth, Chairman, Indiana Parole Board, IGCS - Room W466 402 W. Washington St. Indianapolis, IN 46204   317-232-5737   Home address unknown

7. Charles Miller, Indiana Parole Board, IGCS - Room W466, 402 W. Washington St., Indianapolis, IN 46204   317-232-5737   Home address unknown

8. Thor Miller, Indiana Parole Board, IGCS - Room W466, 302 W. Washington St. Indianapolis, IN 46204   317-232-5737   Home address unknown

9. Virgil Madden, Indiana Parole Board, IGCS - Room W466, 302 W. Washington St, Indianapolis, IN 46204   317-232-5737   Home address unknown

10. Fredrick Medley, Indiana Parole Board, IGCS - Room W466, 302 W. Washington St. Indianapolis, IN 46204   317-232-5737   Home address unknown

11. Anthony King, Vanderburgh Co. Parole Officer, Evansville Parole District 4A 5603 Hwy. 41 North, Evansville, IN 47711   812-424-9821

12. Knox Co. Parole Officer (name unknown female) Evansville Parole District 4A 5603 Hwy. 41 North, Evansville, IN 47711   812-424-9821   Home address unknown

13. David Sloan, Parole Officer Gibson Co. Evansville Parole District 4A, 5603 Hwy 41 N. Evansville, IN 47711   812-424-9821   Home unknown

14. Supervisor of Parole Agents Evansville Parole District 4A, 5603 Hwy 41 North. Evansville, IN 47711   812-424-9821   Home Unknown   (see to 1(c))

P. 3

B. Statement of Claim

Kreilein cannot get a fair hearing in the Indiana Courts because the State of Indiana has broken trial rules and have misapplied court precedent with intent to unlawfully deny Kreilein justice he is legally entitled to under color of law.

The defendants have illegally imposed classifications on Kreilein he is not subject to, have imposed SVP and intent to do so again under color of lawfulness by fraud, have caused irreparable harm under "Stigma +" test, and have misapplied the trial rules/precedent in order to unlawfully justify dismissal of Kreilein's State case in order to deny Kreilein's right to a declaration of his rights and damages for libel and defamation of character by:

1) Have illegally imposed I.C. 35-42-4-11 unlawfully on Kreilein

2) Through fraud have justified imposing SVP classification that is by its stated intent, is public law is a criminal law that is subject to ex post facto provisions of the U.S. Constitution with intent to do it again.

3) Aggressively marketed there illegally-imposed classifications to the public with no intent to take responsibility for the erroneous classifications.

4) Violated due process, equal protection, and separation of powers.

4

5. Have misapplied Trial Rule 53.4(a) to Kreilein's State civil suit for Declaratory Judgment and damages for libel and Defamation.

6. Have misapplied precedent in order to justify dismissal of the suit.

7. Have ignored effects of COVID pandemic on prison conditions and trial court procedure.

8. Have imposed criminal sanctions created/amended by stated criminal laws in violation of ex post facto provisions of federal constitution under the guise of them being "civil and regulatory" based on mis application of the federally accepted intent/effects test and by fraud with intent to violate and erode the Ex post facto provisions, due process and equal protections of 14th amendment, and Violation of Separation of powers clauses of the U.S. Constitution, in ruse.

9. Have caused irreparable harm as a result of these actions.

On December 7, 2020, Kreilein filed a motion for Declaratory Judgment and request for damages for libel and Defamation that the U.S. District court ruled that the deadline for filing tolled because of Kreilein's previous federal case "Kreilein v. Heath" and amended it February 2021. The Attorney General tried to claim that this lawsuit was actually an unauthorized PCR and presented 19 of Kreilein's previously filed PCR's on issues in no way related to this action as actually being

5

related to this action (all of which are posted at footnote #4 in Indiana Court of Appeals case "Kreilein v. Berry, cause # 21A-PL-862") in order to convince the trial court by fraud that this action was "just another PCR" and not a legitimate action. Andrew Hopper admitted in his opinion on March 19, 2021 that he only considered what the AG presented in his order, and dismissed the petition. Kreilein first filed a Trial Rule 60(b)(3) motion that tried to explain that the case was dismissed based on fraud by the AG, filed on about April 7, 2021 and ruled upon April 12, 2021, well before Kreilein's deadline to file a notice of appeal on that judgment. Immediately after Law Library on April 7, 2021 New Castle put Kreilein's unit, I-House, on Covid Segregation until April 21, 2021. Kreilein informed the librarians, Cecil and Smith several times he had an April 19, 2021 deadline and while protocol for this is for them to either come to the unit to pick up this filing or issue a pass in order to log and mail it, these librarians did neither. The first opportunity Kreilein had after filing his T.R. 60 motion to even be able to file his notice of appeal was April 26, 2021 because Kreilein could not file his notice of appeal before getting a ruling on that T.R. 60 motion in order to be able to copy and log the mailings.

T.R. 53.4(b) states in effect that if a T.R. 60 motion is filed before the date that a notice of appeal is due, the time for the deadline tolls.

6

Instead, while both the AG and Court acknowledged Kreilein did file a legitimate T.R. 60(B) motion, they argued that T.R. 53.4(a) justified dismissing this petition based on it being 2 days late, of which they claimed Kreilein's filing of his T.R. 60(B) motion did not toll the time. They used T.R. 53.4(a) and 2 cases as justification. But these cases were about how the filers did not file anything before the deadline date and in their case they filed after the deadline to file a notice had passed, and did not file anything within the 30 days in which to file a notice.

In other words, the Indiana Court of Appeals incorrectly dismissed this case based on error and misapplying trial rules and precedent. Kreilein filed transfer to the Supreme Court of Indiana in which they denied it.

Kreilein believes that the State and its employees are violating these rules and laws in order to prevent themselves from taking responsibility for their illegal actions and considering that is the case when they violate clearly established laws, which it is clearly established that I.C. 35-42-4-11 cannot be imposed on Kreilein legally, qualified immunity cannot protect them and they would be monetarily liable. In other words Kreilein cannot get a fair adjudication in Indiana Courts on merits.

In addition to these actions, Kreilein can prove the defendants are engaging in activity meant to undermine and erode the federal

7

and State Constitution by purposely using fraud to claim that all laws under the Banner Nickname "Indiana Sex Offender Registration Act" are "civil and regulatory" because the official Acts that make up all laws meant to govern/control sex offenders all proclaim that they are "Acts to amend the Indiana Code concerning criminal law and procedure" with intent to violate Ex Post facto clauses, Due Process Clauses, Equal Protection Clauses, and Separation of Powers Clauses of the Indiana and Federal Constitutions because:

1) Kreilein was sentenced in 2004

2) Since his sentencing the defendants have imposed several new laws and amendments that have changed the punishment imposed on Kreilein in several ways and.

3) The changes/creations/amendments all were created by official Acts that proclaim them to be criminal in nature.

These changes impose punishments on Kreilein he was not sentenced to including but not limited to:

1) Additional classifications
2) Punishments under guise of "sanctions," "consequences," "stipulations," etc.

Kreilein was neither sentenced to, didn't agree to, and was not informed of, These "punishments" are not called punishments because of this fraud yet the Acts that created/passed them all state they are criminal in intent.

8

These "judgments" are the result of the employees of the state knowingly and intentionally misapplying the federally recognized standard of evaluating whether laws are civil or criminal in intent where they claim they are modeling that test while undermining and misapplying it intentionally in order to eradicate all objectivity in the test in order to reduce it to subjectivity and discretion in complete opposition to a law's stated purpose.

Robert E. Carter, Tracy Berry and Laura Kloimweider all violated clearly established law knowingly and intentionally in order to illegally impose I.C. 35-42-4-11 on Kreilein and were informed that to do so was illegal and maliciously refused to correct the erroneous classifications. All were informed of this error by phone and letter, and all being personally responsible.

Parole including Horth, Miller, Miller, Medley and Madden, King, Knox County, Sloan, District 4A supervisors all were informed of this illegally applied classification and refused to correct it or help, and instead threatened Kreilein with revocation for exercising his right to litigate effectively, and by fraud misapplied stipulations in order to revoke, and have retaliated against him for filing suits against them.

Cecil and Smith under the Lewis v. Casey standard have caused Kreilein irreparable harm by their refusal to honor Kreilein's deadline and to make available to him the prison law library resources in order to be able to timely file his appeal.

9

C. Jurisdiction

I am suing for violation of Federal laws under 28 U.S.C. 1331, 1333, 1343, 1367, 1443 and Title II, Rule 5.1 (Trial Rules) Constitutional violation of State Statute.

D. Relief

Declaration of Rights, A Fair and just hearing based on truthful interpretation of the trial Rules on the issues alleged in State Trial Court Case 48C03-2012-PL-177 (21A-PL-862) including monetary damages for violation of clearly established law, and a hearing about the issues concerning state law and the State's attempt and practice of eroding the U.S. Constitution, including Ex Post Facto, Due Process, Equal Protection and Separation of Powers, and a complete review of the misapplication of the Trial Rules, intents/effects test and all relief justly due that may be inadvertently or ignorantly ommitted, and to be fairly treated as a Citizen of the United States.

E. Jury Demand

I want a Jury to hear this case.

Dated 1/17/23

Respectfully Submitted

*Alan Kreilin*

871626

IDOC-NCF P.O. Box A New Castle, IN 47362

F. Certification

Under penalties of perjury, I declare that the facts alleged in this complaint are true and correct to the best of my knowledge and belief.

*Alan Kreilin*

11